## PEASE *v.* THE TERRITORY OF WYOMING.

COUNTY TREASURER—FEES.—A county treasurer, under the statute of Wy-
oming, is not entitled to a percentage for paying over at the expiration of
his term to his successor the funds of the county then remaining in his
hands as such treasurer.    He should only receive a percentage on the
money paid out by him while performing the ordinary duties of his
office.

ERROR to the Second District Court, for Albany County.

*C. W. Bramel,* for plaintiff in error.

*M. C. Brown,* for defendant in error.

By the Court, BLAIR, J.    The only question involved in
the case in the court below or here is one of law arising
upon an agreed statement of facts submitted to the court
below by the defendant in error in this court.    Plaintiff be-
low and the plaintiff in error here being defendant below. .

The question presented by the record is simply this: Is
an outgoing county treasurer entitled, under the laws of
this territory, to a percentage on moneys received by him as
county treasurer and by him turned over to his successor in
office.    The court below decided this question in the neg-
ative, and rendered judgment against the defendant and in
favor of the plaintiff for the amount, with interest, which

..pp eared by the agreed statement of facts; that the defendant, as county treasurer, had retained, as a percentage on the moneys turned over by him to his successor in office. From this decision and judgment of the court below, the defendant in the court below and plaintiff in error here, appealed, and assigns as error:

1. That the facts set forth in said statement of facts submitting controversy, are not sufficient in law to maintain the aforesaid action thereof against the said L. D. Pease.

2. That the said judgment was given for said Territory of Wyoming, when it ought to have been given for the said L. D. Pease, according to the law of the land.

A proper construction of that part of section 60, page 564 of compiled laws of this territory, which prescribes the compensation to be received by the county treasurer for his services as treasurer, cannot, we think, fail to determine whether either of the errors assigned by the plaintiff in error are well taken. Section 60, before referred to, after prescribing the duty of each county treasurer, declares: "and for his services as treasurer he shall be allowed three per cent. on the dollar on all sums received and paid out by him." It is admitted in argument, that there must not only be a receiving, but paying out, to entitle the treasurer to the percentage mentioned in the statute, but it is maintained by the plaintiff in error, that a turning over to his successor in office of all moneys in his hands as treasurer is such a paying out within the meaning of the statute as entitles the outgoing treasurer to the percentage prescribed by law. We do not think so. Such a construction of the statute would do violence to the evident intent of the legislature. We think it is apparent that the legislature intended, and the obvious meaning of the section is, that the county treasurer should receive for his services three per cent. on the dollar, on all sums received and disbursed by him in the manner prescribed by law, during his continuance in office. When the term of his office expires his successor assumes, and is clothed with all its functions, and all moneys in the

possession of the outgoing county treasurer passes with the office to his successor, and consequently is not paid out within the meaning of the statute, but remains in the treasury.

Counsel for the plaintiff in error also assumed the position in his argument before this court, that if the court should hold that a delivery or turning over by an outgoing treasurer to his successor in office, of all moneys in his possession as county treasurer, is not such a paying out as would entitle the treasurer to the percentage named in the statute; then, in that event, he would be entitled, under section 12, page 346, of the compiled laws of this territory, to a reasonable compensation for his services.

The section referred to reads as follows: "That for any services rendered by an officer, wherein no fees are allowed by this act, or any other act or provision of law, such officer shall be allowed a reasonable compensation therefor." There is certainly no ambiguity in this section. It simply provides that where no fees are allowed by law to an officer for services rendered, such officer shall be allowed a reasonable compensation for such services. But, inasmuch as section 60, before referred to, does expressly fix the compensation the county treasurer shall receive for the services alleged to have been performed by the plaintiff in error, we fail to see that section twelve, cited by counsel, has the slightest bearing on the point this court is called upon to decide. We see no error in the ruling of the court below, and its judgment is affirmed; but, inasmuch as it appears to the court that there were reasonable grounds for the proceedings in error, the five per cent. mentioned in the statute is not allowed in this case.